UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                     Case No: 8:21-cr-0041-KKM-TGW

JORGE HERNAN GARCIA et al.,

   Defendants.
_____

## ORDER

A grand jury indicted Jorge Hernan Garcia, Raymundo Zacarias Tuarez Cedeño, Jefferson Geovanny Anchundia Pinargote, and Kevin Armando Anchundia Pinargote with possession—and conspiracy to possess—with intent to distribute a mixture or substance containing a detectable amount of cocaine on the high seas in a vessel subject to the jurisdiction of the United States in violation of the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. § 70501 *et seq.* (Doc. 1.) The United States moves for a judicial determination that the vessel on which it apprehended Defendants was subject to the jurisdiction of the United States in compliance with the MDLEA. (Doc. 88.) Defendant Garcia opposes the motion and moves to dismiss the Indictment because the United States

lacks jurisdiction, both statutorily and constitutionally. (Doc. 105; Doc. 118.) Garcia also moves to dismiss the indictment because the United States purportedly violated Federal Rule of Criminal Procedure 5. (Doc. 118.) Finally, Garcia moves to sever the defendants in this action and for the exclusion of certain evidence. (Doc. 93; Doc. 105.) With the Court's permission, the other three Defendants have adopted Garcia's motions as their own. (Doc. 144; Doc. 145; Doc. 146; Doc. 149; Doc. 152.) The United States opposes the Defendants' motions. (Doc. 96; Doc. 109; Doc. 132.)

An evidentiary hearing in this matter is set for August 31, 2022. Particularly, the Court requests argument and evidence on whether the United States possesses statutory jurisdiction over the vessel on which it apprehended the Defendants and whether the United States violated Federal Rule of Criminal Procedure 5(b).

To establish statutory jurisdiction over the vessel, the United States must demonstrate that the Coast Guard either (1) asked each defendant on the boat both whether he was (a) the master of the vessel *and* (b) whether he was the individual in charge or (2) asked each defendant on the boat whether he would like to claim (a) a nationality or (b) a registry for the vessel. *See United States v. Nunez*, 1 F.4th 976, 986 (11th Cir. 2021) (subsequent history omitted); *United States v. Guerro*, 789 F. App'x 742, 748 (11th Cir. 2019); *United States v. Cabezas-Montano*, 949 F.3d 567, 589 n.14 (11th Cir. 2020). Although the United States contends that the video evidence suffices on both theories, the

2

video appears inconclusive based on the portions cited by the United States. Additionally, the parties must address whether the United States bears the burden of proving jurisdiction beyond a reasonable doubt or by a preponderance of the evidence. *Guerro*, 789 F. App'x at 747 n.2 (11th Cir. 2019); *United States v. Tinoco*, 304 F.3d 1088, 1114 n.25 (11th Cir. 2002).

As for the theory that the United States asked each person whether he was the master or the person in charge, it is true that the video shows the translator relaying that the individuals did not claim master. (Ex. 2 at 2:06.) But the video fails to show that they all denied being the individual-in-charge. The portion of the video that the United States cites is a discussion between the translator and only one of the individuals. (Ex. 2 at 1:50.) The officers also asked all the individuals, in Spanish, whether they were the "capitán." They each said no. (Ex. 1 at 2:37.) But neither the United States nor Defendants address in their respective briefing whether the term "individual in charge," which "refers to someone with authority over the vessel's personnel," and being the captain are synonymous. *See Nunez*, 1 F.4th at 986; *Guerro*, 789 F. App'x at 747–48 (holding that the government failed to prove jurisdiction because it asked only if there was a master present). Thus, the United States must establish that each individual was asked whether he was the "individual-in-charge" or that asking if one is the "capitán" is equivalent to asking if one is an "individual-in-charge."

As for the theory that the United States asked each individual whether he wanted to make a claim of nationality or registry, the video again appears inconclusive. With respect to nationality, the Coast Guard officers asked two of the individuals through a translator whether they wanted to claim a nationality. (Ex. 2 at 2:50; 3:42.) Although those questions took place in front of all the individuals, they appeared to be directed at specific persons. The United States must establish through testimony that it inquired of each Defendant as to nationality or that the question was directed at each person present. *See* 46 U.S.C. § 70502(d)(1)(B) (requiring "on request" a failure to make a claim of nationality).

Nor does the rest of the video help establish whether the crew disclaimed a nationality for the vessel. After those two persons were asked, the Coast Guard chief asked everyone onboard, *in English*, whether they wanted to claim a nationality. (Ex. 2 at 3:45.) At the upcoming hearing, the United States must address whether the individuals' responses under these circumstances—where prior questions were posed through a translator instead of in English—constitutes a failure, "*on request* of an officer of the United States . . . to make a claim of nationality." *Id.* (emphasis added).

The registration theory suffers from a similar problem based on the video alone. The United States contends it asked each Defendant about the registration. First, that they asked Garcia. (Ex. 2 at 2:35.) He said no. Then, the government contends they asked

4

everyone twice. But the first time it claims that the Coast Guard asked, they asked only about nationality. (Ex. 2 at 3:40.) The second time it contends that they asked, the recording does not show the individuals' responses. (Ex. 2 at 6:00.)

As for the Federal Rule of Criminal Procedure 5(b) argument raised by Garcia, the United States failed to address it altogether in its response. (Doc. 132.) Accordingly, the United States must explain at the upcoming hearing what constitutes a "promptly" filed complaint under Rule 5(b) and why that definition was satisfied here.

**ORDERED** in Tampa, Florida, on August 8, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

5