UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                Case No: 8:21-cr-0041-TPB-TGW

JORGE HERNAN GARCIA et al.,

   Defendants.
_____

## ORDER

On January 25, 2021, the U.S. Coast Guard apprehended the defendants—Jorge Hernan Garcia, Raymundo Zacarias Tuarez Cedeño, Jefferson Geovanny Anchundia Pinargote, and Kevin Armando Anchundia Pinargote—on a go-fast vessel sixty-six nautical miles southwest of Panama. (Doc. 88 at 1–2; Doc. 118 at 1.) Eight days later, a grand jury indicted the defendants with possession—and conspiracy to possess—with intent to distribute a substance containing a detectable amount of cocaine on the high seas in a vessel subject to the jurisdiction of the United States in violation of the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. § 70501 *et seq.* (Doc. 1.) The United States

1

moves for a judicial determination that the vessel on which it apprehended the defendants was subject to the jurisdiction of the United States in compliance with the MDLEA. (Doc. 88.) Defendant Garcia opposes the motion and moves to dismiss the indictment. (Doc. 105; Doc. 118.) With the Court's permission, the other three defendants have adopted Garcia's response and motion to dismiss as their own. (Doc. 144; Doc. 146; Doc. 149; Doc. 152.) For the forgoing reasons, the defendants' motion to dismiss is denied—the defendants' vessel is subject to the jurisdiction of the United States.

I.      **The United States has jurisdiction over the defendants' vessel.**

The defendants' vessel is subject to the jurisdiction of the United States because the vessel is "without nationality." 46 U.S.C. § 70502(c)(1)(A). *United States v. Nunez*, 1 F.4th 976, 986 (11th Cir. 2021), explains that a vessel is without nationality when it lacks "indicia of nationality or registry" and neither captain nor crew makes "a claim of nationality or registry when they [are] questioned." To confirm that the vessel was "without nationality," the Court reviewed video evidence, (Doc. 167), during a hearing with a Coast Guard witness on August 31, 2022. (Doc. 169.) Witness testimony and video evidence reviewed by the Court during the hearing confirms that the defendants' vessel contained no indicia of nationality or registry. Furthermore, when the defendants were questioned by the Coast Guard officers, none of them made a claim of nationality or registry for the vessel. (Doc. 167, Ex. 2 at 2:23, 2:42, 3:40, 6:00).

Garcia and his co-defendants also argue that section 70502(c)(1)(A) is unconstitutional as applied to them under the Felonies Clause of the U.S. Constitution. U.S. CONST. art. I, § 8, cl. 10. (Doc. 118 at 3–10.)  Congress enacted the MDLEA under its Felonies Clause power, *United States v. Hernandez*, 864 F.3d 1292, 1303 (11th Cir. 2017), and the Felonies Clause grants Congress the authority to, "define and punish… Felonies committed on the high Seas." U.S. CONST. art. I, § 8, cl. 10. The defendants contend that they were not arrested on the "high Seas" under the Felonies Clause because they were apprehended in the Exclusive Economic Zone, which is distinct from the high seas under the 1982 United Nations Convention on the Law of the Seas (UNCLOS). (Doc. 118 at 8–10.)

This argument is not well taken. The meaning of "high Seas" under the Felonies Clause is not defined by the UNCLOS. Instead, *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003), holds that the high seas is any part of the ocean further than twelve nautical miles of the coastline. Furthermore, at the time that the Constitution was ratified, the term "high Seas" referred to any part of the ocean that extends beyond the lowest water mark of the tide. 3 JOSEPH STORY, COMMENTARIES ON THE CONSTITUTION § 1159 (1833) (explaining that the "high Seas" includes "not only the waters of the ocean, which are out of sight of land, but the waters on the sea coast below low water mark"); WILLIAM RAWLE, A VIEW OF THE CONSTITUTION OF

3

THE UNITED STATES 106–09 (2d ed. 1829) ("By the high seas we are to understand not only the ocean out of sight of land, but waters on the sea coast beyond the boundaries of low water mark, although in a roadstead or bay, within the jurisdiction or limits of one of the states or of a foreign government.") Because the defendants were apprehended sixty-six nautical miles southwest of Panama, they were arrested on the "high Seas." U.S. CONST. art. I, § 8, cl. 10. Thus, section 70502(c)(1)(A) is constitutional as applied to the defendants.

II.     **The United States did not violate Federal Rule of Criminal Procedure 5.**

The defendants argue that the indictment should be dismissed because the United States violated Federal Rule of Criminal Procedure 5(a) and 5(b). (Doc. 118 at 11–14.) But the defendant's arguments fail.

The defendants were not presented to a Magistrate Judge until fourteen days after they were apprehended. (Doc. 118 at 12). Thus, they argue that the United States violated Rule 5(a) by unreasonably delaying their presentment. (Doc. 118 at 12.) Whether delay was unnecessarily long depends on several factors, including:

(1) [T]he distance between the location of the defendant's arrest in international waters and the U.S. port he was brought to; (2) the time between the defendant's arrival at the U.S. port and his presentment to the magistrate judge; (3) any evidence of mistreatment or improper interrogation during the delay; and (4) any reason for the delay.

4

*United States v. Cabezas-Montano*, 949 F.3d 567, 591 (11th Cir. 2020). The Coast Guard brought the defendants to Miami, which is 1,800 miles from the location where the defendants were arrested. (Doc. 132 at 10.) The defendants' voyage took two-weeks, but the United States presented them to a Magistrate Judge one day after they arrived in Miami. (Doc. 15 at 2.) Given that the defendants were apprehended in the Pacific Ocean—south of the isthmus of Panama—a two-week delay in their presentment was reasonable under Rule 5(a). *See United States v. Castillo*, 899 F.3d 1208, 1217–18 (11th Cir. 2018) (Martin, J., concurring) (holding that a nineteen-day delay was reasonable for a defendant that was taken to Miami after being arrested off the Pacific coast of Guatemala).[1]

Second, the defendants argue that the United States violated Rule 5(b) by failing to promptly file a complaint showing probable cause after they were arrested. (Doc. 118 at 12–13.) Additionally, the United States waited until eight days after the apprehension of the defendants to obtain an indictment. (*Id.*) Both the defendants and the United States agree that Rule 5(b) stems from the Fourth Amendment's protection against unreasonable search and seizure. Yet the Fourth Amendment "does not apply to searches and seizures (arrests) by the United States of a non-citizen/non-resident alien arrested in international waters." *Cabezas-Montano* 949 F.3d at 593 (citing *United States v. Verdugo-Urquidez*, 494 U.S. 259, 274-75 (1990)). Because Rule 5(b) is meant to protect Fourth Amendment

---

[1] The majority resolved the appeal without addressing the Rule 5(a) question. *See* 899 F.3d at 1214–15.

rights and because the defendants are non-citizen aliens arrested in international waters, Rule 5(b)'s promptness requirement also does not apply to the defendants. *United States v. Barros*, No. 21-CR-20438, 2022 WL 1135707, at *8 (S.D. Fla. Apr. 18, 2022) (Bloom, J.) (holding the same).

### III. The delayed transfer of Garcia to the Middle District of Florida does not warrant dismissal of the indictment.

At the August 31, 2022 hearing about the defendants' motion to dismiss, *see* (Doc. 169), Garcia advanced an additional, oral motion to dismiss the indictment. The Court directed Garcia to supplement his motion to dismiss with a written memorandum. After reviewing Garcia's memorandum, (Doc. 172), the Court denies Garcia's motion.

Garcia argues that the United States violated the Speedy Trial Clause of the Sixth Amendment and Fed. R. Crim. P. 48(b) because the United States waited five months to remove Garcia to the Middle District of Florida after this action was transferred from the Southern District of Florida to this Court. (*Id.* at 2–8.) Moreover, Garcia was not given an initial appearance and was not arraigned until he arrived in the Middle District of Florida. (*Id.* at 2.)

Rule 48(b) "vests much discretion in the trial court" to determine whether dismissal is warranted, and "dismissal is mandatory only if the defendant's constitutional rights have been violated." *United States v. Dunn*, 345 F.3d 1285, 1297 (11th Cir. 2003) (quotation

6

omitted). Although a delay of this length is unacceptable, even in light of the COVID pandemic, dismissal is an unduly extreme remedy. Furthermore, Garcia does not cite any decision that supports the proposition that improper delay in transfer, arraignment, or initial appearance violates the Speedy Trial Clause. *See* (Doc. 172.)

IV. Conclusion

Accordingly, the Court **DENIES** the defendants' (Doc. 118) motion to dismiss, **DENIES** Garcia's (Doc. 172) oral motion to dismiss, and **DETERMINES** that the defendants' vessel is subject to the jurisdiction of the United States.

**ORDERED** in Tampa, Florida on September 22, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT**
**JUDGE**